UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROY JOHNSON and MARY JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 15-5167 RJB<br><br>ORDER ON UNITED STATES' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

This matter comes before the Court on the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction.  Dkt.  11.  The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

In this case, Plaintiffs seek the recovery of federal income tax they allege was erroneously assessed and collected for the tax year 2007.  Dkt. 1.

In the pending motion, the United States moves to dismiss the case for lack of subject matter jurisdiction.  Dkts. 11 and 16.  It maintains that the Plaintiffs did not timely file a claim for a tax refund, and that the statutory exception to the limitations period for filing the claim does not apply.  *Id.*  Accordingly, it asserts there has been no waiver of sovereign immunity and so

1 this Court does not have jurisdiction over the case. *Id.* Further, the United States moves to

2 dismiss Plaintiffs' claim for equitable recoupment for failure to state a claim because Plaintiffs

3 cannot show that there was a single transaction subject to two inconsistent taxes. *Id.*

4      Plaintiffs argue that the Court does have jurisdiction because they timely filed an

5 administrative claim for refund, both as a timely informal refund claim under the three year

6 statute of limitations and pursuant to the mitigation provisions of the Internal Revenue Code

7 ("I.R.C."). Dkt. 15.

8      For the reasons set forth below, the United States' motion (Dkt. 11) should be granted, in

9 part and denied, in part.

10                    **I.      BACKGROUND FACTS**

11      According to the Complaint, Plaintiff Roy Johnson was an approximately 90% owner of

12 corporation known as Diamond Game Enterprises, Inc. ("Diamond Game") in 2005-2007. Dkt. 1,

13 at 2. At the time, Diamond Game was an S corporation. *Id.*

14      As a general rule, an S corporation's items of income and loss pass through to its

15 shareholders, pro rata by share. I.R.C. § 1366(a). Shareholders must pay income tax on their

16 portion of an S corporation's income, whether or not the S corporation distributes money to the

17 shareholders. *Id.* When the S corporation does distribute money, the distribution is tax-free to

18 the extent that the shareholder has a basis in the S corporation. I.R.C. § 1368(b) and (c). "To

19 prevent double taxation of income upon distribution from the corporation to the shareholders, §

20 1367(a)(1)(A) permits shareholders to increase their corporate bases by items of income

21 identified in § 1366(a) . . . . Corporate losses and deductions are passed through in a similar

22 manner, and the shareholders' bases in the S corporation's stock and debt are decreased

23 accordingly." *Gitlitz v. C.I.R.*, 531 U.S. 206, 209-10 (2001) (*citing* §§ 1366(a)(1)(A),

24

ORDER ON UNITED STATES' MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION- 2

1367(a)(2)(B), and 1367(b)(2)(A)). "[A] shareholder cannot take corporate losses and deductions into account on his personal tax return to the extent that such items exceed his basis in the stock and debt of the S corporation." *Id.*, at 210 (*citing* § 1366(d)(1)). If corporate losses and deductions exceed the basis, the excess is indefinitely carried over until the shareholder's basis becomes large enough to permit the deduction. *Id.;* §§ 1366(d)(1), and (2).

The Internal Revenue Service ("IRS") conducted an audit of Diamond Game for tax years 2005 and 2006. Dkt. 1, at 2. The IRS also examined Plaintiffs' personal taxes for the tax years 2005 and 2006 in conjunction with the Diamond Game audit. *Id.*

"After the examination was complete, the IRS proposed changes to the Diamond Game returns for 2005 and 2006 and the [Plaintiffs'] joint returns for 2005 and 2006." Dkt. 12, at 2. According to the Complaint, at the conclusion of the initial examination, the IRS determined that Mr. Johnson's basis in Diamond Game shares was zero at the end of 2006. Dkt. 1, at 2. (Plaintiffs argue that this decision "resulted in the disallowance of a loss claimed on Plaintiffs' 2006 tax return," but that disallowed loss could be carried over to later tax years provided Plaintiffs had a sufficient basis to claim the suspended loss.) Dkt. 15, at 5.

The Plaintiffs filed their 2007 federal income tax return on August 25, 2008. Dkts. 12, at 3 and 12-3.

On March 10, 2009, Certified Public Accountant Mark Varshawsky sent a letter to the IRS about the "Examination Changes and Audit Findings report dated February 27, 2009 regarding Roy and Mary Johnson for tax years 200512 and 200612." Dkt. 15-1, at 2. The letter indicates that Mr. Varshawsky did not agree with the IRS's proposed changes to Plaintiffs' returns and that they "would like to appeal" the proposed changes to the IRS Office of Appeals. *Id.* It provided that they did not agree "with the IRS audit adjustments made to [Diamond Game] that result in

additional flow-through income for the taxpayer[s]." *Id.*  They did not agree with "the IRS position that the taxpayer[s] did have sufficient basis to claim flow-through losses." *Id.*  They maintained that the "taxpayer[s] provided evidence to show sufficient basis in all flow-through entities to allow losses to be claimed in the tax years in question." *Id.*

On August 6, 2009, attorney Sharyn Fisk sent a letter to the IRS on behalf of the Plaintiffs. Dkt. 15-1, at 4-17.  It stated that they protested "all proposed adjustments set forth in the 30-Day Letter dated March 26, 2009, and the accompanying examination reports." Dkt. 15-1, at 4. (Although this August 6, 2009 letter states that the 30-Day Letter dated March 26, 2009 and the accompanying examination reports are attached, they do not appear in the record here.)  In any event, the August 6, 2009 letter  indicates that they "wish to appeal the determinations set forth in the 30-Day letter dated March 26, 2009, to the Office of Appeals." Dkt. 15-1, at 4.  In a footnote, this August 6, 2009 letter asserts that Plaintiffs "filed a Protest on March 10, 2009" and that the IRS "subsequently requested a more detailed Protest filed by August 7, 2009." Dkt. 15-1, at 5. Under the heading "Statement of Facts, Law, and Supporting Arguments," the August 6, 2009 letter provides:

> The primary adjustments detailed in the Taxpayers' 30-Day Letter relate to flow-thru [sic] income/loss from the Taxpayers' S corporation, [Diamond Game.] The Service examined Diamond Game's tax years ended December 31, 2005 and December 31, 2006 and issued a 30-Day Letter to Diamond Game. A copy of Diamond Game's Protest setting forth its positions, the facts, law, and supporting arguments is attached hereto as EXHIBIT B and incorporated herein by reference. (This Court notes that the EXHIBIT B referred to here was not filed in the record.)
>
> The Service also asserted three alternative issues if the Taxpayers did not properly reported [sic] the flow-thru [sic] income/loss from Diamond Game: (1) whether the Taxpayers had sufficient stock and debt basis to claim the losses and deductions from various flow-thru [sic] entities (Alternative Issue 2); (2) whether the Taxpayers satisfied the at-risk limitations under IRC §465 for various flow-thru [sic] entities; and (3) whether the Taxpayers satisfied the passive activity limitations under IRC §469 for various flow-thru entities (Alternative Issue 4.) The Taxpayers properly reported the flow-thru [sic] income/loss from Diamond

1   Game.  Thus, the Service's alternative issues are not applicable.  However, the
    Taxpayers reserve the right to protest the alternative issues pending a
2   determination regarding Diamond Game flow-thru [sic] adjustments.

3   Dkt. 15-1, at 4-5.

4       On March 20, 2012, IRS Appeals Officer sent a letter to Plaintiffs' lawyer, regarding

5   Plaintiffs and Diamond Game for the tax years 2005 and 2006.  Dkt. 12-1, at 2.  The letter, which

6   purports to be a summary of settlement discussions, discusses various issues for Diamond Game

7   including gross receipts, bad debt deduction, depreciation and distributions to the majority

8   shareholder.  Dkt. 12-1, at 2-3.  As to Plaintiffs, the letter then address issues like flow-through

9   adjustments from Diamond Game.  Dkt. 12-1, at 3.  Under the heading "loss from [Diamond

10  Game]–Shareholder Basis Limitation" the letter provides "I proposed for purposes of settlement

11  (only) that the government concede this issue." Dkt. 12-1, at 3.

12      On March 30, 2012, Plaintiffs executed Form 872-I, Consent to Extend the Time to Assess

13  Tax as well as Tax Attributable to Items of a Partnership.  Dkt. 15-1, at 12 -13.  The IRS

14  executed the form on April 10, 2012.  *Id.*  This agreement extended the time to assess 2005 and

15  2006 taxes to December 31, 2012.  *Id.*

16      According to the Complaint, "[o]n or about June 15, 2012, Plaintiffs and the IRS Appeals

17  Office entered into a settlement resolving the case, including the basis issue, with the exception

18  of an addition to tax under Internal Revenue Code ("I.R.C") § 6651(a)(1)." Dkt. 1, at 2.  (This

19  remaining "addition to tax" issue was also later settled on March 21, 2014 (Dkts. 1, at 2; and 13-1,

20  at 2-3)). The Complaint asserts that as a result of the June 15, 2012 agreed upon "basis

21  adjustment, an $824,107 basis limitation was carried over to tax year 2007, freeing up a

22  suspended flow-through loss from Diamond Game." Dkt. 1, at 2.

23

24

ORDER ON UNITED STATES' MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION- 5

1    On December 31, 2012, Plaintiffs filed an amended federal return for the tax year 2007, the

2    "2007 Form 1040X, Amended U.S. Individual Income Tax Return," claiming a refund in the

3    amount of $230,750.  Dkts. 1, at 2 and 12, at 3.

4    On March 19, 2013, the IRS issued a Notice of Disallowance, on the ground that the claim

5    for a refund for the tax year 2007 was untimely.  Dkt. 1, at 2.  (Plaintiffs filed another amended

6    federal income tax return for the tax year 2007 on April 23, 2013.  Dkt. 12, at 3 and 12-3.)

7    According to Plaintiffs, they filed a protest and the IRS Office of Appeals sustained the IRS'

8    position.

9    This case was filed on March 18, 2015.  Dkt. 1.  Plaintiffs claim in their Complaint that

10   they are entitled to a refund of $230,750, plus interest, under the mitigation provisions of Title 26

11   U.S.C. §§1311-1314 and the doctrine of equitable recoupment.  Dkt. 1, at 3.  They also seek

12   attorneys' fees, costs and any other relief the court deems just.  *Id.*

## II.   <u>DISCUSSION</u>

### A.  **MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICITION STANDARD**

15   A complaint must be dismissed under Fed.R.Civ.P.12(b)(1) if, considering the factual

16   allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the

17   Constitution, laws, or treaties of the United States, or does not fall within one of the other

18   enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or

19   controversy within the meaning of the Constitution; or (3) is not one described by any

20   jurisdictional statute.  *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v.*

21   *Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal

22   question jurisdiction) and 1346 (United States as a defendant).  When considering a motion to

23   dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may

1  review any evidence to resolve factual disputes concerning the existence of jurisdiction.

2  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052

3  (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).  A federal court

4  is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise.  *Kokkonen v.*

5  *Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated*

6  *Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore, plaintiff bears the burden of proving the

7  existence of subject matter jurisdiction.  *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co.,*

8  *Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

9    The United States, as sovereign, is immune from suit unless it consents to be sued.  *See*

10  *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107

11  (9th Cir. 1995). "[T]he terms of its consent to be sued in any court define that court's jurisdiction

12  to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990).  "A statute of limitations

13  requiring that a suit against the Government be brought within a certain time period is one of

14  those terms." *Id.* "A waiver of the Government's sovereign immunity will be strictly construed, in

15  terms of its scope, in favor of the sovereign." *Quarty v. United States*, 170 F.3d 961, 972 (9th Cir.

16  1999)(*quoting Lane v. Pena,* 518 U.S. 187, 192 (1996)).

17    Under 28 U.S.C § 1346(a)(1), district courts have jurisdiction over suits against the

18  United States for refunds of erroneously assessed or collected taxes. "Despite its spacious terms,

19  § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a

20  taxpayer's right to bring a refund suit upon compliance with certain conditions." *United States v.*

21  *Dalm*, 494 U.S. 596, 601 (1990). Where a taxpayer has not "duly filed a claim for refund of

22  federal taxes with the IRS, a district court is without jurisdiction to entertain a suit for refund."

23

24

1   *Yuen v. United States*, 825 F.2d 244, 245 (9th Cir. 1987). A claim is not duly filed unless it is

2   timely. *Id.* Under the I.R.C.,

3        Claim for credit or refund of an overpayment of any tax imposed by this title in
       respect of which tax the taxpayer is required to file a return shall be filed by the
4        taxpayer within 3 years from the time the return was filed or 2 years from the time
       the tax was paid, whichever of such periods expires the later, or if no return was
5        filed by the taxpayer, within 2 years from the time the tax was paid.

6   26 U.S.C. § 6511(a). Further, the taxpayer must specify each ground for which a refund is

7   claimed:

8        No refund or credit will be allowed after the expiration of the statutory period of
       limitation applicable to the filing of a claim therefore except upon one or more of
9        the grounds set forth in a claim filed before the expiration of such period. The
       claim must set forth in detail each ground upon which a credit or refund is
10       claimed and facts sufficient to apprise the Commissioner of the exact basis
       thereof. The statement of the grounds and facts must be verified by a written
11       declaration that it is made under the penalties of perjury. A claim which does not
       comply with this paragraph will not be considered for any purpose as a claim for
12       refund or credit.

13   26 C.F.R. § 301.6402-2(b)(1). "These requirements ensure that the IRS is given adequate notice of

14   each claim and its underlying facts, so that the IRS may conduct an administrative investigation

15   and determination." *Quarty v. United States*, 170 F.3d 961, 972 (9th Cir. 1999)(*internal citation*

16   *omitted*). They also allow the IRS to correct any errors and "limit the scope of refund litigation to

17   issues the IRS has examined and is willing to defend." *Id.* "Compliance with these specificity

18   requirements is a prerequisite to subject matter jurisdiction over a claim for a refund." *Id.*

19      Plaintiffs assert that although they did not file a formal claim for refund within the

20   statutory period, they filed an informal claim for refund and then filed a formal claim. Dkt. 15.

21      In *United States v. Kales*, 314 U.S. 186, 194 (1941), the Supreme Court recognized that "a

22   notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the

23   Commissioner could reject because [it is] too general or because it does not comply with formal

24

1    requirements of the statute and regulations, will nevertheless be treated as a claim where formal

2    defects and lack of specificity have been remedied by amendment filed after the lapse of the

3    statutory period." The Court found that this was particularly true where "such a claim has not

4    misled the Commissioner and he has accepted and treated it as such." *Id.* "In essence, an informal

5    claim that puts the IRS on notice that a claim is being made tolls the statute of limitations until

6    the deficiencies are corrected in a subsequent refund claim." *Kaffenberger v. United States*, 314

7    F.3d 944, 954 (8th Cir. 2003). "The written component should not be given a crabbed or literal

8    reading, ignoring all the surrounding circumstances which give it body and content. The focus is

9    on the claim as a whole, not merely the written component." *See Kaffenberger,* at 955 (*citing*

10   *Estate of Hale v. United States,* 876 F.2d 1258, 1262 (6th Cir.1989)).

11        The United States' Motion to Dismiss for lack of subject matter jurisdiction (Dkt. 11) should

12   be denied.  Considering the surrounding circumstances, Plaintiffs have shown that they filed an

13   informal claim for refund for the tax year 2007 within the statute of limitations, and followed up

14   with a formal claim.  The Plaintiffs filed their 2007 federal income tax return on August 25,

15   2008.  Dkts. 12, at 3 and 12-3.  Less than a year later, on March 10, 2009, their CPA sent the IRS

16   a protest letter, raising the issue of whether they had a sufficient basis to claim flow through

17   losses for their S corporation for the taxable years 2005 and 2006.  Dkt. 15-1, at 2.  Further, on

18   August 6, 2009, Plaintiffs' attorneys sent the IRS another protest letter, raising the issues whether

19   they had properly accounted for the S-Corporation's income and losses, and whether they had a

20   sufficient basis to claim flow through losses of their S corporation.  Dkt. 15-1, at 4-17.  In light

21   of the fact that the corporation at issue was an S corporation, and under I.R.C. §§ 1366(d)(2),

22   where the corporate losses and deductions exceed the basis, the excess is indefinitely carried

23   over until the shareholder's basis becomes large enough to permit the deduction,  the

24

ORDER ON UNITED STATES' MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION- 9

1  Commissioner had fair notice that Plaintiffs were raising the issue of carried over losses for

2  2007.  This is true particularly true when the protest letters are read together with the settlement

3  letter the IRS sent them on March 20, 2012 regarding Plaintiffs and Diamond Game for the tax

4  years 2005 and 2006.  Dkt. 12-1, at 2.  The letter address issues like flow-through adjustments

5  from Diamond Game to Plaintiffs and whether they had sufficient basis to claim losses.  *Id.*

6  Parties entered into a formal settlement agreement on June 15, 2012 and Plaintiffs filed their

7  amended federal return (2007 Form 1040X) for the tax year 2007 on December 31, 2012.  Dkts.

8  1, at 2 and 12, at 3.  This amended return constituted a formal claim for refund.  Treas. Reg. §

9  301.6402-3(a)(2). The March 10, 2009 protest letter in combination with the August 6, 2009

10 protest letter constitute Plaintiffs' informal notice of claim.  When combined with their December

11 31, 2012 amended federal 2007 return, Plaintiffs gave the Commissioner fair notice of their

12 claim for refund.  Defendant's motion to dismiss for lack of subject matter jurisdiction should be

13 denied.

14      The Court need not reach the remaining arguments regarding whether the statute of

15 limitations should be tolled under the mitigation provisions found under I.R.C. §§ 1311-1314.

16 **B.  MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM STANDARD**

17      Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable

18 legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri*

19 *v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken

20 as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d

21 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

22 need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

23 to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

24

1  a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

2  (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief

3  above the speculative level, on the assumption that all the allegations in the complaint are true

4  (even if doubtful in fact)." *Id.* at 1965.  Plaintiffs must allege "enough facts to state a claim to

5  relief that is plausible on its face." *Id.* at 1974.

6         The United States moves to dismiss Plaintiffs' claim for equitable recoupment for failure

7  to state a claim because Plaintiffs cannot show that there was a single transaction subject to two

8  inconsistent taxes.  Dkt. 11.  The motion (Dkt. 11) should be granted.  Plaintiffs do not

9  meaningfully respond.  This claim should be dismissed.

10                                        **III.     ORDER**

11         Therefore, it is hereby **ORDERED** that:

12  • The United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt.  11)

13      **IS**:

14          o  **DENIED**, as to the dismissal for lack of subject matter jurisdiction, and

15          o  **GRANTED**, as to the claim for equitable recoupment.

16         The Clerk is directed to send uncertified copies of this Order to all counsel of record and

17  to any party appearing *pro se* at said party's last known address.

18         Dated this 6th day of July, 2015.

19

20

21                          ROBERT J. BRYAN

                         United States District Judge

22

23

24

ORDER ON UNITED STATES' MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION- 11